IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

KENNETH BARBOUR,                                    )
                                                    )        Civil No.  2:11-CV-00814 BSJ
                            Plaintiff,              )
                                                    )        **MEMORANDUM OPINION**
vs.                                                 )        **& ORDER**
                                                    )        **(28 U.S.C. §§ 1915(g), 1915A)**
UNITED STATES SUPREME COURT                         )
JUSTICES, et al.,                                   )      ┌─────────────────────────────┐
                                                    )      │          **FILED**          │
                            Defendants.             )      │  CLERK, U.S. DISTRICT COURT │
                                                    )      │   October 27, 2011 (11:31am)│
                                                           │      DISTRICT OF UTAH       │
                                                           └─────────────────────────────┘

* * * * * * * * *

On or about September 7, 2011, Plaintiff Kenneth Barbour, an inmate at Red Onion State

Prison in Pound, Virginia, sought to file a civil rights complaint against the members of the

United States Supreme Court "and All Persons Under Their Judicial Authority in Their Absolute

U.S. Constitution Capacities," and to do so without prepayment of the required filing fees.  He

submitted his proposed Complaint ("Civil Rights Action") to the Clerk of the Court, together

with an Application for Leave to Proceed *In Forma Pauperis* and an Affidavit in Support, with

attachments.[1]

Looking first at Mr. Barbour's application to proceed without prepayment of fees, this

court determined that as a prisoner, Mr. Barbour had previously filed three or more lawsuits in

federal court that have been dismissed as frivolous or for failing to state a claim, and that his

present application thus ran afoul of 28 U.S.C. § 1915(g):

─────────────────────

[1]Mr. Barbour's *in forma pauperis* papers are captioned for the United States District
Court for the District of Vermont, but this court assumes he intended to file in this District.

    (g) In no event shall a prisoner bring a civil action or appeal a judgment in
    a civil action or proceeding under this section if the prisoner has, on 3 or more
    prior occasions, while incarcerated or detained in any facility, brought an action or
    appeal in a court of the United States that was dismissed on the grounds that it is
    frivolous, malicious, or fails to state a claim upon which relief may be granted,
    unless the prisoner is under imminent danger of serious physical injury.

While the sixth page of Mr. Barbour's proposed Complaint alleges that he is "in ongoing

imminent threat of serious physical injury," he does not plead any specific facts that would tend

to show that such an imminent threat of serious physical injury exists, apart from the inherent

risks faced by every incarcerated person arising from the fact of incarceration itself.  Absent such

facts being alleged, § 1915(g) rendered Mr. Barbour ineligible to proceed in federal court without

prepayment of fees pursuant to § 1915.

        On September 19, 2011, this court entered a Memorandum Decision and Order denying

Mr. Barbour's Application for Leave to Proceed *In Forma Pauperis* and requiring him to pay the

required $350 filing fee within thirty days or his complaint would be dismissed.   (*See*

Memorandum Decision and Order, filed September 19, 2011 (dkt. no. 2).)

        On October 7, 2011, Mr. Barbour filed a "Motion for Filing Amended Defendants," (dkt.

no. 3), limiting the defendants in his proposed Complaint to the Justices of the United States

Supreme Court, and a "Motion to Vacate Sept. 19th 2011 Order" pursuant to Fed. R. Civ. P. 59

(dkt. no. 4).

        As his proposed Complaint has not yet been filed by the Clerk of the Court, Mr. Barbour

is free to limit the named defendants as he wishes without leave of this court.

        His motion to vacate this court's September 19th Order sheds no meaningful light on his

allegation that he is under imminent threat of serious physical injury within the scope of 28

U.S.C. § 1915(g).  Instead, he appears to argue that application of § 1915(g) in his case poses an imminent threat of a serious *constitutional* injury, namely that he will be unable to pursue his constitutional claims in this action because he cannot pay the $350 filing fee.

Section 1915A of Title 28, United States Code provides:

**(a) Screening.** — The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for Dismissal.** — On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Mr. Barbour being a "prisoner" within the meaning of § 1915A(c),[2] the screening provided for by § 1915A applies to his proposed Complaint.

The court has reviewed Mr. Barbour's proposed Complaint, which has not yet been docketed, and concludes that on its face, his Complaint is frivolous within the meaning of 28 U.S.C. § 1915A(b).  To begin with, the text of the proposed Complaint proves to be nearly incomprehensible.  Though rich with terminology extracted from various provisions of the United States Constitution, the proposed Complaint offers no coherent explanation of Mr. Barbour's civil rights claim — let alone the "short and plain statement of the claim showing that

---

[2]28 U.S.C. § 1915A(c) reads: "As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

the pleader is entitled to relief" contemplated by Rule 8 of the Federal Rules of Civil Procedure.

As best this court can glean from Mr. Barbour's proposed Complaint, he seeks relief requiring that "all judicial general rules of practice, procedure and rules of general American Law be written under the Constitution pursuant [to] its authority," with "no State Laws to the contrary . . . ." (Proposed Complaint (lodged), at 3.)  He thus appears to ask this court to mandate what is already required of the Justices of the United States Supreme Court by the Constitution's Supremacy Clause:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const., art. VI, § 2.  The Supreme Court itself has long acknowledged that "the framers of the constitution contemplated that instrument as a rule for the government of courts, as well as of the legislature."  *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 179-80 (1803).

If Mr. Barbour has more specific concerns about the constitutionality of any particular federal or State rule of judicial practice or procedure or any particular rule of "general American Law," it is impossible to discern those concerns from the text of his proposed Complaint.

Having reviewed all of the papers submitted by Mr. Barbour, this court is satisfied that the September 19th Order was correct, and that the Plaintiff was and is denied leave to proceed without prepayment of the $350 filing fee.  Mr. Barbour having failed to pay the same within the time provided by that Order, and his proposed Complaint being frivolous within the meaning of § 1915A(b),

**IT IS ORDERED** that the Plaintiff's proposed Complaint not be docketed, but remain

-4-

lodged in the file in the above-captioned proceeding;

**IT IS FURTHER ORDERED** that Plaintiff's motion to vacate this court's September 19, 2011 Memorandum Decision and Order is DENIED; and

**IT IS FURTHER ORDERED** that Clerk of the Court close the above-captioned proceeding forthwith; in effect, this case is DISMISSED.

DATED this **27** day of October, 2011.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge